IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-0051-FL

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY, | |
| Plaintiff, | |
| v. | **CONSENT PROTECTIVE ORDER** |
| SOUTHPORT BANK, | |
| Defendant. | |

THIS CAUSE came on for consideration upon the parties' motion for entry of this Consent Protective Order to expedite discovery, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential, and ensure that protection is afforded to material so designated: and it appearing to the Court that discovery in this action may involve the disclosure of information requiring protection against unrestricted disclosure and that the parties have jointly stipulated and agreed, subject to approval of the Court, that the following Consent Protective Order shall govern the handling of any information, document, electronic data or thing produced or disclosed during discovery or otherwise in this litigation (hereinafter "materials"), for good cause shown:

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Fed. R. Civ. P. 26, the following provisions shall govern in this action:

1.  This Order shall govern certain materials produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts, or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests

for production of documents and documents produced in accordance therewith, documents subpoenaed, any deposition transcript or portion thereof, any audio or video recording of a deposition as to which protection is sought under this Order, and any data contained on any hard drive or other electronic media produced by a party or non-party.

2. The following materials may be designated as "Confidential" pursuant to this Order: confidential business and/or personal information. Any party producing or furnishing such materials to another party, to the Court, or at a deposition in connection with this litigation, may either (i) redact any such materials and/or (ii) designate as "Confidential," in accordance with the procedures set forth herein, any such information, electronic data, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Order. Such designation shall be made at the time the materials are produced or furnished, or at a later time as provided herein.

3. Materials disclosed pursuant to a discovery response may be designated "Confidential" by indicating in the discovery response that the materials contained therein is so designated and subject to the provisions of this Order and/or by marking each document "Confidential." Each party is responsible for designating its own materials. Materials produced by a third-party pursuant to a subpoena may be designated in the same manner by that third-party.

4. Materials disclosed at a deposition may be designated by either (a) indicating on the record at the deposition that the materials are "Confidential" and subject to the provisions of this Order; or (b) by notifying the other parties, in writing, within thirty (30) calendar days of the receipt of the transcript, of those pages and lines or those exhibits that are "Confidential." The

deposition transcript and exhibits may be read only by the deponent, the parties, and the attorneys for the parties during that thirty (30) day period unless the parties otherwise agree.

5. All materials designated "Confidential" in accordance with the terms of this Order shall be used solely for purposes of prosecuting or defending this action and shall not be used for any other purpose.

6. All materials designated "Confidential" shall be maintained in confidence by the parties and shall not be disclosed to any person except:

    (a) The parties and their officers and employees;

    (b) The Court (including court reporters, stenographic reporters and videographers and court personnel);

    (c) The attorneys of record indicated as signatories hereto and attorneys engaged by a party for assistance in this matter, their partners, employees, contractors, and associates;

    (d) Experts and their staff, and litigation support personnel and their staff retained in this litigation by the parties, provided that each such retained person first signs a Nondisclosure Agreement in the form of Exhibit A hereto, which shall be maintained by the party retaining such experts or litigation support personnel and produced for inspection upon request;

    (e) Mediators, either appointed by the Court or selected by the parties;

    (f) Non-party witnesses during depositions and/or trial, provided said witnesses are not given a copy of any such document to take from the place of deposition or trial; and/or

(g) Any other person as to whom the producing party agrees in writing prior to such disclosure.

7. If a deponent is asked to provide materials that are designated by the deponent or his or her counsel as "Confidential," then upon notification by the deponent or his or her counsel, all individuals attending the deposition except for those individuals designated in Paragraph 6 of the Order shall leave the deposition while such "Confidential" materials are disclosed. Further, any such "Confidential" materials disclosed in the deposition shall be subject to the restrictions contained in Paragraph 6 of the Order and shall be subject to the terms of Paragraph 8 of this Order.

8. Nothing in this Order shall be construed as assent by a party that designated materials are entitled to protection under Fed. R. Civ. P. 26. Within 30 days of a party designating materials as "Confidential," the other party may challenge the designation by requesting in writing that it be withdrawn. If, after conferring, the parties cannot resolve the disputed designation, the party challenging the designation may seek an order from the Court determining that the materials are not entitled to protection, or may be disclosed to persons other than those named in Paragraph 6 above. The party making the disputed designation of materials as "Confidential" shall then be required to show good cause that the materials should be protected as "Confidential" as defined in this Order, in accordance with the standard for such protection under Fed. R. Civ. P. 26. Until the Court rules, the materials in question shall continue to be treated by all parties as "Confidential," and all provisions of this Order shall be adhered to.

9. When a party seeks to file "Confidential" materials, including "Confidential" portions of any transcript, a party shall file such materials under seal pursuant to applicable Local

Rules and pursuant to the requirements of Stone v. Univ. of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, each party must set out such findings in a proposed order to seal for the court.

10. Upon the conclusion of this action, all materials provided by a party that are designated as "Confidential" shall, upon request of the producing party, be returned to the party or individual providing such materials. This shall include all copies made of any such materials and shall include any and all deposition transcripts that contain such information.

11. Upon the conclusion of this action, all materials designated as "Confidential" that have been submitted to or filed with the Court during the pendency of this action shall be disposed of pursuant to a final order of the Court. This shall include all copies made of any such materials.

12. Violation of any term of this Order or of the Nondisclosure Agreement shall be punishable as contempt of court.

13. Nothing in this Order shall prevent or restrict any person or party from using or disclosing in any manner its own information and/or information already in the possession of that person or party. This Order shall not prevent disclosure beyond its terms of any materials with consent of both parties.

14. Nothing in this Order and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony or thing: (a) is relevant and subject to discovery; (b) is or is not confidential information; or (c) is or is not admissible in evidence at trial or at any hearing.

15. The parties expressly agree that, pursuant to Fed. R. Evid. 502(b), the production or disclosure of materials protected by the attorney-client privilege or work product doctrine shall not operate as a waiver of any such privilege or doctrine. Should a producing party learn that an inadvertent production or disclosure was made, the producing party shall send the receiving party a written request for return or destruction of the inadvertently produced or disclosed document. Within five business days of receiving such request, the receiving party shall comply with the requirements of Fed. R .Civ. P. 26(b)(5)(B), return or destroy the original and any and all hard or electronic copies of such document, and not otherwise use or disclose any information contained in the document. Should the receiving party seek to challenge the claim that the materials are protected by the attorney-client privilege or work product doctrine, the receiving party shall not use or disclose the contents of the document, argue that the producing party need satisfy the elements of Fed. R. Evid. 502(b) to establish inadvertent disclosure, or argue that the production or disclosure was a waiver of such privilege or doctrine. Upon request by the receiving party, the producing party shall furnish a copy of the document at issue to the Court for *in camera* review.

15. Notwithstanding any other language in this Order, no party is required by the terms herein to allow access to any materials containing privileged information, including any such materials subject to the attorney-client privilege. Any issue that arises between the parties as to the withholding of materials due to a privilege shall be decided by separate order of this Court upon proper motion. Nothing in this Order shall affect any agreement between the parties regarding inadvertent disclosure of privileged information and any Court order addressing that issue.

16. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court.

SO ORDERED.

This the 30th day of October, 2014.

*[signature]*
The Hon. Louise W. Flanagan
United States District Court Judge

WE CONSENT:

| NICHOLLS & CRAMPTON, P.A. | WILLIAMS MULLEN |
|---|---|
| By: /s/ W. Sidney Aldridge<br>W. Sidney Aldridge<br>N.C. State Bar No. 7579<br>P.O. Box 18237<br>Raleigh, North Carolina 27619<br>*Counsel for Defendant* | By: /s/ John D. Burns<br>John D. Burns<br>N.C. State Bar No. 24152<br>Kacy L. Hunt<br>N.C. State Bar No. 38259<br>P.O. Box 1000<br>Raleigh, North Carolina 27602<br>*Counsel for Plaintiff* |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-0051-FL

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY,<br><br>             Plaintiff,<br><br>             v.<br><br>SOUTHPORT BANK,<br><br>             Defendant. | **NONDISCLOSURE AGREEMENT REGARDING PROTECTIVE ORDER** |

The undersigned hereby acknowledges (1) receiving a copy of and reading the Protective Order entered in this action by the United States District Court for the Eastern District of North Carolina on _____, (2) understanding the terms of the Order, (3) agreeing to be bound by these terms, and (4) understanding that the sanctions for any violation of that Order include the penalties which the Court may impose for contempt.

 

                                          _____
                                                         (Signature)

DATE: _____